UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

|  |  |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-00214 |
| LGA TRADING, INC., and GALO GOYA, | ) |
| Defendants. | ) |

## COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action against defendants LGA Trading, Inc. (LGA) and Galo Goya, and alleges the following:

1.  This is an action to recover unpaid custom duties and to enforce a monetary civil penalty pursuant to 19 U.S.C. § 1592.

2.  This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3.  At all times relevant to the matters described in this complaint, and upon information and belief, defendant LGA was incorporated in the State of New York and its registered address is 295 Ten Eyck Street, Brooklyn, New York 11206.

4.  At all times relevant to the matters described in this complaint, and upon information and belief, defendant Galo Goya was the President of LGA and directed the activities of that business. Upon information and belief, Mr. Goya resides at 2427 87th St., East Elmhurst, New York 11369.

5.  At all times relevant to the matters described in this complaint, LGA was in the

business of, among other things, importing wire garment hangers.

6. At all times relevant to the matters described in this complaint, Mr. Goya was the individual responsible for directing LGA's imports of wire garment hangers and Mr. Goya caused imported wire garment hangers to be entered into the United States.

7. During the period between October 8, 2018, through on or about September 25, 2020, defendants caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States wire garment hangers ("the subject merchandise") under cover of thirty-two (32) entries ("the subject entries") filed with U.S. Customs and Border Protection (CBP) at the Port of New York/Newark, New Jersey. The subject entries are identified in Exhibit A to this complaint.

8. The subject merchandise is merchandise described by the scope of the antidumping and countervailing orders encompassing wire garment hangers manufactured in Vietnam, A-552-812 (78 Fed. Reg. 8105) and C-552-813 (78 Fed. Reg. 8107).

9. The subject merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions.

10. For example, at the time of entry on October 8, 2018, the defendants misrepresented the country of origin of the subject merchandise for subject entry number 00624928. The defendants falsely declared that the country of origin of the subject merchandise was Laos. The correct country of origin of the subject merchandise was Vietnam.

11. For example, at the time of entry on October 8, 2018, the defendants misrepresented that the subject merchandise was not subject to antidumping or countervailing duties for subject entry number 00624928.

12. For example, at the time of entry on October 8, 2018, the defendants failed to

identify U.S. Department of Commerce antidumping and countervailing duty case numbers for subject entry number 00624928 and failed to deposit antidumping and countervailing duties.

13. As further specified in Exhibit A to this complaint, defendants entered 32 entries of subject merchandise from 2018 through 2020, with each entry containing at least one material false statement or omission with respect to country of origin and antidumping and countervailing duty applicability.

14. The false statements, acts, or omissions referenced in paragraphs 9-13 were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries. CBP calculated the actual loss of revenue as $1,903,973.72 in unpaid duties.

15. Every importer of record must exercise reasonable care in entering merchandise into the United States. *See* 19 U.S.C. § 1484(a)(1).

16. Defendants did not exercise reasonable care in collecting accurate information about LGA's suppliers to ensure that its entry documentation was accurate before filing with CBP. Defendants acknowledged to CBP that, with respect to the entries of subject merchandise described in paragraph 7 above and detailed in Exhibit A to this this complaint, LGA lacked the necessary controls and procedures within its business to ensure compliance with accurate entry requirements under 19 U.S.C. § 1484.

17. Between 2018 and 2020, defendants did not take reasonable steps to ensure that LGA's suppliers listed in its entry paperwork were capable of producing the subject merchandise that was being entered into the United States.

18. Under these circumstances, defendants' material false statements, acts, and omissions referenced in paragraphs 9-13 resulted from their failure to exercise reasonable care

and competence to ensure that statements made and information provided in connection with the importation of the subject merchandise was complete and accurate.

19. On October 2, 2019, a domestic manufacturer of wire garment hangers filed Enforce and Protect Act (EAPA) allegations against ten importers, including LGA.

20. On January 30, 2020, CBP initiated an EAPA investigation based on a reasonable suspicion that the importers, including LGA, were importing wire garment hangers of Vietnamese origin into the United States through evasion by transshipping the hangers through Laos.

21. On October 26, 2020, CBP issued its determination finding that the ten importers, including LGA, evaded antidumping and countervailing duties by falsely declaring Laos as the country of origin of the wire garment hangers. LGA did not file a request for an administrative review of CBP's determination of evasion. On January 24, 2023, this Court affirmed CBP's finding of evasion and found "a surfeit of evidence supporting CBP's evasion determination" in *Leco Supply, Inc. v. United States*, 619 F. Supp. 3d 1287 (Ct. Int'l Trade 2023).

22. On November 28, 2022, CBP issued pre-penalty notices to LGA and Mr. Goya. The pre-penalty notices calculated the total loss of revenue to be $2,031,940.52, which included an actual loss of $1,903,973.72 and a potential loss of $127,966.80. The pre-penalty notices also proposed a penalty of $3,104,654.15.

23. On January 27, 2023, defendants filed a response to the pre-penalty notices and requested maximum mitigation of the penalty to $31,046.54.

24. On February 14, 2023, CBP issued penalty notices to LGA and Mr. Goya and demanded payment of $1,903,973.72 in actual lost revenue and $3,104,654.15 in penalties based on a determination of negligence.

25.  On May 16, 2023, defendants filed a petition for relief and requested cancellation or significant mitigation of the assessed penalties.  In their petition for relief, defendants claimed an inability to pay the unpaid duties and penalties.

26.  On February 21, 2024, CBP completed an ability to pay analysis and concluded that defendants were unable to support their claims of an inability to pay the unpaid duties and penalty.

27.  On September 19, 2024, however, CBP notified the defendants that it had mitigated the penalty to $3,047,910.78, an amount equal to 1.5 times the total loss of revenue.

28.  All required notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures.

29.  On or about March 9, 2021, LGA's surety paid $50,000 to CBP.  This $50,000 payment was applied to the $127,966.80 in potential lost revenue referenced in paragraph 22 above.  Accordingly, defendants remain liable for $1,903,973.72 in actual lost revenue and for $3,104,654.15 in penalties.

30.  To date, defendants have not paid the unpaid duties and penalty demanded by CBP, which total $5,008,627.87.

## **COUNT I**

31.  The allegations contained in paragraphs 1 through 30 above are restated and incorporated by reference.

32.  The statements, acts, and omissions referred to in paragraphs 9-13 above resulted from defendant's failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the subject entries were complete and accurate and, thus, constitute negligent violations of 19 U.S.C. § 1592(a).

33. By reason of the negligent violations referred to above, defendants are jointly and severally liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a civil penalty in the amount of $3,104,654.15, plus interest as provided by law. This negligence penalty equals the domestic value of the subject merchandise, which CBP calculated to be $3,104,654.15.

## COUNT II

34. The allegations contained in paragraphs 1 through 33 above are restated and incorporated by reference.

35. By reason of the violations of 19 U.S.C. § 1592(a) identified above, the defendants are jointly and severally liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $1,903,973.72, plus interest as provided by law.

WHEREFORE, the United States respectfully requests that the Court:

(a) Enter judgment for the United States and against the defendants for a negligence penalty in the amount of $3,104,654.15, pursuant to 19 U.S.C. § 1592(c)(3), plus interest, costs, and such other relief as may be just and appropriate; **and**

(b) Enter judgment for the United States against the defendants, in the amount of $1,903,973.72, pursuant to 19 U.S.C. § 1592(d), plus interest, costs, and such other relief as may be just and appropriate; **and**

(c) Award such additional relief as the interest of justice may require.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

|  |  |
|---|---|
|  | /s/ Claudia Burke |
|  | CLAUDIA BURKE |
|  | Deputy Director |
| OF COUNSEL: | /s/ An Hoang |
| STEVEN J. HOLTKAMP | AN HOANG |
| Staff Attorney | Trial Attorney |
| Department of Homeland Security | Department of Justice |
| U.S. Customs and Border Protection | Civil Division |
| Office of the Associate Chief Counsel | Commercial Litigation Branch |
| Chicago, IL 60607 | PO Box 480, Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | (202) 616-3226 |
|  | An.Hoang@usdoj.gov |
| September 26, 2025 | Attorneys for Plaintiff |